IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Sakiko Farrakhan**, | |
| Plaintiff, | |
| v. | COMPLAINT |
| **DAL Global Services** d/b/a/ **Delta Global Services; Delta Airlines, and John Doe 1-10.** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

Plaintiff Sakiko Farrakhan (hereinafter "Plaintiff") files this Complaint against the above-named Defendants and in support thereof states as follows:

## **INTRODUCTION**

1.

Plaintiff a practicing Japanese-Muslim woman, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against DAL Global Services (hereinafter "DAL") d/b/a/ Delta Global Services (hereinafter "DGS") Delta Airlines (hereinafter "Delta"), and John Doe 1-10 ("collectively Defendants"). Additionally, Plaintiff brings this action pursuant to 42 U.S.C. § 1981, against all individual named Defendants.

Plaintiff began her employment for DGS on April 1, 2018, as a security officer.  DGS is a subsidiary of Delta. While employed with the DGS, Plaintiff asserts she was subjected to a hostile and unsafe work environment due to her religious beliefs and association with The Nation of Islam. Specifically, on January 4th, 2019 Plaintiff was suspended from her employment after she reviewed specification for Delta's B757 airplane. Notably, Delta's B757 and other aircraft specification were readily available to its employees and to the general public and can be accessed on the world wide web at https://www.delta.com/us/en/aircraft/boeing/757-200.

On January 4th, 2019, Plaintiff arrived at her security post. Around 3:10 pm, Plaintiff was escorted to the 5th floor of the 1020 Building on the Delta Campus. Plaintiff was never given any notice of this meeting.

Plaintiff believed the meeting was to inquire about a harassment complaint made by Plaintiff in December 2018. However, Plaintiff was demanded to turn off her cellular device upon entering the meeting room. Plaintiff was ambuscaded with multiple questions about; (1) When, (2) Where; and (3) Why did Plaintiff access information about the B757 airplane? Furthermore, Plaintiff was ambuscaded with multiple questions about her husband and his occupation. Specifically, Plaintiff was asked (1) Where did she meet her husband; (2) What is his occupation: (3) and Did she copy any B757 material or give it to somebody?

After the meeting, Plaintiff's Delta Badge was confiscated and she was immediately suspended without pay and explanation. Plaintiff left the Delta Campus saddened, discouraged, and deeply confused. Plaintiff suffered from unbearable stress, pain and suffering as well as duress due to the Defendants failure to provide and uphold Delta Global Service Policy Of "Equal Employment Opportunity and Nondiscriminatory Policy, Plaintiff humbly awaited to return to work. During Plaintiff's suspension, Plaintiff was subjected to weight loss and severe emotional distress.

## JURISDICTION AND VENUE

2.

This action arises under the United States Constitution, particularly the First and Fourteenth Amendments; and under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1988. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1391(b), in that the events giving rise to the claim occurred within the district. All conditions precedent to jurisdiction under Title VII have occurred or been complied.  (Exhibit A).

## PARTIES

4.

Plaintiff Sakiko Farrahkhan is a citizen of the State of Georgia, a resident of Fulton County, and a resident of the City of Fairburn, Georgia and a citizen of the United States of America.

5.

Defendant Delta Global Services is a foreign corporation doing business in the state of Georgia. At all times relevant to this action, Defendant Delta Global Services has maintained and operated a business in Georgia. Defendant Delta Global Services is engaged in an industry affecting commerce and has fifteen or more employees and employers within the meaning of 42 U.S.C. § 2000e(b), (g) and (h).

6.

Defendant Delta Airlines Inc. is a foreign corporation doing business in the state of Georgia. At all times relevant to this action, Defendant Delta Airlines Inc. has maintained and operated a business in Georgia. Defendant Delta Airlines Inc. is engaged in an industry affecting commerce and has fifteen or more employees and employers within the meaning of 42 U.S.C. § 2000e(b), (g) and (h).

John Doe 1-10 ("Defendant Doe"), in their individual capacities. Plaintiff

will amend his complaint upon identifying John Doe.

## BACKGROUND FACTS

### 7.

Plaintiff, a Japanese-American and member of the Nation of Islam, began her

employment at the Delta Global Service on April 1, 2018, as a security officer.

### 8.

While, employed at Delta Global Services, as a security officer, Plaintiff work

location is at the Delta Airlines Corporate Headquarters located at 1030 Delta Blvd.,

Atlanta, GA, 30320

### 9.

As an employee for DGS, Plaintiff would have access to the Delta Global

Service Kiosk ("DeltaNet").  DeltaNet was not password protected and provided: (1)

Delta News; (2) Delta Career Opportunities; (3) career's average salary; (4) Pilot

Information; (5) Flight Attendant Information; and (6) Technical Operations etc.

### 10.

On December 7, 2018, Plaintiff's co-worker whom goes by the name Mr. James,

approached Plaintiff at her post and asked Plaintiff if she was interested in becoming

a flight attendant. He expressed to Plaintiff that Delta was looking for Asian speaking

flight attendants. Furthermore, Mr. James suggested to Plaintiff to watch career opportunity video about flight attendants career opportunities

11.

Plaintiff expressed to Mr. James that it has been her forgotten dream to become a flight attendant.

12.

After considering the opportunity, Plaintiff, with assistance of her husband (Mr. Khalid Farrakhan), watched, studied, and familiarized herself with the flight attendant instructional videos.

13.

Ultimately, Plaintiff applied for the Flight Attendant position but was not successful in becoming a multi-lingual flight attendant.

14.

After feeling discouraged and saddened, Plaintiff furthered her study on becoming a Flight Attendant.

15.

Plaintiff's studying and research included: (1) becoming fluent in French; (2) learning about flight attendant décor; and (3) learning general information about the B727 airplane.

16.

On January 4th, 2019, Plaintiff arrived at her security post. Around 3:10 p.m., an individual named Mr. Farley approached Plaintiff. Plaintiff was escorted to the 5th floor of the 1020 Building on the Delta Campus.

17.

Plaintiff believed Mr. Farley was there to address an email about the African Security Officer who consistently made Plaintiff feel threatened at work.

18.

Plaintiff was never given any notice of this meeting. Plaintiff felt scared and confused. Plaintiff described her feeling "as the same of a prisoner being escorted in a prison."

19.

Plaintiff was escorted to a bright meeting room whom at the time was unfamiliar to Plaintiff. The two individuals did not have a Delta Identification Card, did not establish their authority to interrogate Plaintiff, and did not provide a Japanese consult.

20.

Plaintiff believed the meeting was to inquire about a harassment complaint made by Plaintiff in December 2018. However, Plaintiff was demanded to turn off her cellular device upon entering the meeting room.

21.

In meeting room, Plaintiff was ambuscaded with multiple questions about; (1) When, (2) Where; and (3) Why did Plaintiff access information about the B757 airplane? Notably, Plaintiff was ambuscaded with multiple questions about her husband and his occupation. Specifically, Plaintiff was asked (1) Where did she meet her husband; (2) What is his occupation: (3) and Did she copy any B757 material or give it to somebody? After the meeting, Plaintiff's Delta Badge was confiscated and she was immediately suspended without pay and explanation.

22.

Plaintiff left the Delta Campus saddened, discouraged, and deeply confused. In lieu of termination Plaintiff suffered from unbearable stress, pain and suffering as well as duress due to the Defendants failure to provide and uphold Delta Global Service Policy Of "Equal Employment Opportunity and Nondiscriminatory Policy, Plaintiff humbly awaited to return to work.

23.

During Plaintiff's suspension, Plaintiff was subjected to weight loss and severe emotional distress.

24.

Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory damages, punitive damages, attorney's fees, an injunction and a declaratory judgment is their only means of securing adequate relief. Plaintiffs now are suffering and will continue to suffer irreparable injury from Defendants' unlawful practices unless Defendants are enjoined by the Court.

## CLAIMS FOR RELIEF

**First Cause of Action: Disparate Treatment Based on Religion Preference In Violation of Title VII of The Civil Rights Act of 1964**

25.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

26.

Defendants has subjected Plaintiff, a Japanese-American and member of the Nation of Islam, to different terms and conditions of employment than other employees and has intentionally discriminated against Plaintiff based on Plaintiff's religious preference of Islam in violation of Title VII of The Civil Rights Act of 1964. Defendant knowingly suspended Plaintiff without pay and explanation for Plaintiff reviewing specification of a Delta's B757 and being a Muslim while doing so.

10

27.

Defendants are liable for the acts of its individual employees acts that were performed within the scope of and during the course of their employment with Defendants.

28.

Based upon the allegations as contained within this Count of this Complaint for Damages and Demand for Jury Trial, Defendants, through the actions of their employees discriminated against Plaintiffs on the basis of her religious beliefs.

**Second Cause of Action: Violation of Right to Free Association under the First and Fourteenth Amendments; Title VII of The Civil Rights Act of 1964**

29.

Plaintiff realleges all matters set forth in paragraphs 1 through 24 and incorporates them herein.

30.

The First Amendment recognizes and protects the right to freedom of association.

31.

Defendants has subjected Plaintiff, a Japanese-American and member of the Nation of Islam, to different terms and conditions of employment than other employees and has intentionally discriminated against Plaintiff based on Plaintiff's religious preference and Plaintiff's association with her husband, Khalid Farrakhan, also a member of the

Nation of Islam in violation of Title VII of The Civil Rights Act of 1964. As alleged above,

Plaintiff was ambuscaded with multiple questions about her husband and his occupation.

Specifically, Plaintiff was asked (1) Where did she meet her husband; (2) What is his occupation: (3)

and Did she copy any B757 material or give it to somebody? Defendant knowingly suspended

Plaintiff without pay and explanation for Plaintiff reviewing specification of a Delta's

B757 and being a married to a Muslim while doing so.

32.

Defendants are liable for the acts of its individual employees acts that were

performed within the scope of and during the course of their employment with

Defendants.

33.

Based upon the allegations as contained within this Count of this Complaint

for Damages and Demand for Jury Trial, Defendants, through the actions of their

employees discriminated against Plaintiffs on the basis of her religious beliefs.

**PUNITIVE DAMAGES**

34.

Defendants' actions with respect to Plaintiffs have shown willful misconduct,

malice, fraud, wantonness, oppression, and complete want of care, thus entitling

Plaintiffs to an award of punitive damages in order to deter, punish and penalize

Defendants for and from such conduct in the future.

## ATTORNEY'S FEES

35.

Plaintiffs are entitled to an award of attorney's fees and expenses of litigation

on each and every cause of action alleged herein pursuant 42 U.S.C. § 2000e-5(k)

and 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for:

1) General damages based on Defendants' conduct as alleged herein in an

    amount to be determined at trial;

2) Punitive damages based on Defendants' willful, malicious, intentional,

    and deliberate acts in an amount to be determined at trial;

3) Special damages and/or liquidated damages for lost wages and benefits

    and prejudgment interest thereon in an amount to be determined at trial;

4) Reasonable attorney's fees and expenses of litigation;

5) Trial by jury as to all issues;

6) Prejudgment interest at the rate allowed by law;

7) Declaratory relief to the effect that Defendants has violated Plaintiffs'

    statutory rights; and

8) All other relief to which Plaintiffs may be entitled.

Submitted this 26th day of December 2019.

                                            /s/Harry M Daniels
                                            Harry M. Daniels
                                            Georgia Bar No. 234158

                                            Robert D. James
                                            Georgia Bar No.: 389148

DANIELS & JAMES, LLC

233 Peachtree Street, N.E.
Suite 1200
Atlanta, Georgia 30303
Telephone: (678) 664 -8529
Facsimile: (800) 867-5248
daniels@danielsjameslaw.com
robert@danielsjameslaw.com